[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15529
Non-Argument Calendar
_____

Agency No. A073-603-874


SANZIDA AKTAR,
a.k.a. Manisha Mazumder,
a.k.a. Manisha Dey,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 9, 2020)

Before ROSENBAUM, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Sanzida Aktar petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen her application for asylum, United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") relief, and withholding of removal. Aktar has continuously resided in the United States since 1993 when she entered from Bangladesh on a visitor's visa. She was denied asylum in both 1996 and 2008 and was detained for removal in 2017. On appeal, she argues the BIA erroneously concluded that the 90-day deadline for motions to reopen should not be waived due to changed conditions within her home country of Bangladesh or otherwise equitably tolled based on her prior counsels' ineffective assistance in connection with her initial asylum applications. She also asserts that she has a due-process interest in having her case reopened pursuant to the BIA's *sua sponte* authority and claims that we have jurisdiction to review that claim. Because Aktar does not contest the alternate ruling of the BIA—that she did not show a prima facie case for asylum—we must deny the petition.

## I. Background

In October 1993, Aktar, a native and citizen of Bangladesh, entered the United States with a visa but remained beyond her authorized stay. With the

2

assistance of an immigration attorney, Sheldon Walker,[1] she applied for asylum in December 1994, but her application was administratively closed in 1996 because she failed to appear for her interview.

In June 2007, Aktar was detained by an officer with the Immigration and Naturalization Service ("INS") after a transportation check at a bus station. A few months later, through her new counsel, Rita Altman, Aktar filed another application for asylum or withholding of removal on the basis of religion, political opinion, and gender.[2]

In February 2008, the Immigration Judge ("IJ") denied Aktar's application for asylum, CAT relief, and withholding of removal.[3] The IJ found her testimony

---

[1] Sheldon Walker was later disbarred for fraudulent immigration services. Aktar claims to be one of his victims and that he fabricated personal information in her initial application for asylum. The government disputes this fact. Because the BIA implicitly accepted this fact, we will assume its veracity for the purposes of this opinion. *See Ruiz v. U.S. Atty. Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (holding that the BIA's findings of fact will be reversed only if the "the record compels a reversal").

[2] In that application, she claimed she had suffered persecution, including physical violence, sexual harassment, multiple arrests, and torture based on her involvement with the Jatiya Party, which had been targeted by the ruling Bangladesh Nationalist Party ("BNP"). She also feared future persecution based on her past involvement with the Jatiya Party. She explained that she had previously applied for asylum in 1994 but failed to appear for her hearing because she had changed her address and was unaware of how to inform the Immigration Service of that change. In support of her application, she filed, in relevant part, three letters from Bangladeshi individuals attesting to her involvement with the Jatiya Party, the persecution she suffered as a result of that involvement, and the likelihood that she would face future persecution on the basis of her political beliefs were she to return to Bangladesh. She also attached newspaper clippings detailing several incidents of political unrest and violence from September of 2005, a 2006 Country Report on Bangladesh ("2006 Country Report"), and a 2007 International Religious Freedom Report ("2007 Religious Freedom Report").

[3] Aktar chose not to contest her removability at the hearing.

3

incredible because of critical inconsistencies with the representations in her 1994 application. The IJ also found the materials submitted in support of her 2007 application were not sufficiently reliable to support her claims, meaning that she had not met her burden of establishing a well-founded fear of future persecution, that her persecution extended beyond her home city, or that the government would persecute her or acquiesce in her persecution by others.

Aktar appealed the IJ's decision to the BIA.[4] But in June 2008, the BIA adopted and affirmed the IJ's decision and dismissed Aktar's appeal.

Although her BIA appeal was denied, Immigration and Customs Enforcement released Aktar under an Order of Supervision in 2008. In 2013, Aktar was granted a stay of removal and issued an Order of Supervision with which she complied until she was again detained on October 10, 2017.

On October 31, 2017, Aktar filed a motion to reopen her asylum application, arguing that reopening was warranted due to changed conditions in Bangladesh and the ineffective assistance of her prior counsel. She asserted that conditions within Bangladesh had materially worsened since 2008 due to: (1) the "rise of

---

[4] Aktar argued to the BIA that the IJ erred in finding her testimony to be incredible because she had explained the reason for any material inconsistencies arising from her 1994 asylum application, including the fact that her original application was filed by an "unscrupulous" lawyer. In her brief in support of her BIA appeal, Aktar argued that she had established eligibility for asylum and withholding of removal based on a well-founded fear of future persecution based on her past political affiliation and political and social activities.

Islamic fundamentalism in Bangladesh," whom Aktar claimed were "engaged in widespread" torture and killing of "secularists," which was sanctioned by the Awami League, and (2) the "extreme violence" and "political warfare" between the Awami League and the Bangladeshi Nationalist Party ("BNP") which resulted in harm to "political opponents, like the Jatiya Party, and innocent civilians." She asserted that she had established a prima facie case for reopening her petition for asylum, CAT relief, and withholding of removal as a member of a particular social group because she was a Hindu, a religious minority that Islamic fundamentalists targeted with the blessing of the Bangladeshi government, and because of her political affiliation with the Jatiya Party, which she claimed was at odds with both major political factions in Bangladesh. Finally, she argued that her case should be reopened because of the ineffectiveness of her prior counsels.[5] In support of her motion to reopen, Aktar attached, among other items, the U.S. State Department's 1993 and 2016 Country Reports for Bangladesh ("1993 Country Report" and "2016 Country Report," respectively) and a revised asylum application, seeking asylum, withholding of removal, and CAT relief. Atkar acknowledged that her

---

[5] In addition to her first counsel's disbarment, *see* n. 2, Aktar now alleges her subsequent counsel, Altman, failed to: (1) present evidence or make closing arguments at Aktar's 2008 hearing, (2) write a meaningful appeal, (3) address the IJ's adverse credibility determination, or (4) rely on appropriate post REAL ID Act law. She notes that even the BIA had characterized Altman's brief as failing to address meaningfully the IJ's adverse credibility determination, stating in a conclusory fashion that Aktar was entitled to relief, and only relying upon older law that was inapplicable following the passage of the REAL ID Act of 2005.

5

motion to reopen was untimely but argued that the ineffective assistance of counsel and changed country conditions justified either tolling or waiving the 90-day deadline for such motions. To support the latter proposition, she attached two news articles, from 2013 and 2016, respectively, describing the rise of religious fundamentalism and extremism in Bangladesh.

The BIA denied Aktar's motion to reopen as untimely. In response to the equitable tolling argument based on ineffective assistance of counsel, the BIA found Aktar did not meet the requirements for equitable tolling because she did not diligently pursue her claims in the nine years between 2008 and 2017. The BIA also found the evidence did not show material changes in the conditions or circumstances in Bangladesh.[6] The BIA further ruled that Aktar had not shown she was prima facie eligible for asylum or related forms of relief, as the IJ and BIA had previously rejected these claims based on an adverse credibility finding. The BIA also noted Aktar had failed to show that anyone who was involved in political activities in Bangladesh 24 years ago was likely to be targeted for persecution based on those activities. Finally, the BIA found that Aktar's case did not represent an exceptional situation that warranted the *sua sponte* reopening of her case under its discretionary authority. This appeal followed.

---

[6] While the BIA acknowledged the evidence showed the existence of sectarian, religious, and political violence, the BIA concluded Aktar had not shown that those conditions were not a continuation of similar conditions or circumstances that existed during her 2008 hearing.

## II. Standard of Review

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion, which is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam). When an appellant fails to challenge one of the grounds on which an adjudicative body made its decision, however, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (citation omitted).

## III. Analysis

A motion to reopen an immigration proceeding is a form of procedural relief that asks the Board to change its decision based on newly discovered evidence or a change in circumstances since the hearing. *See Dada v. Mukasey*, 554 U.S. 1, 12 (2008). A motion to reopen must state the new facts that will be proven at the hearing if the motion is granted and be supported by affidavits or other evidentiary material. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Denials of the motion can relate to both procedure and substance. We have previously stated that "there are at least three independent grounds upon which the Board may deny a motion to reopen: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that

despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001) (citing *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992)).

In this case, the BIA made four separate rulings. First, the BIA declined to toll the motion time limitation because Aktar had not diligently pursued her claim. Second, the BIA held that Aktar had not shown material changes in Bangladesh that would trigger the time limit exception for a motion to reopen.[7] Third, the BIA found that Aktar had not made a prima facie case for asylum relief.[8] And finally, the BIA held that the circumstances were not so exceptional as to prompt *sua sponte* relief. Notably, the third holding was an independent ground on which the entire motion to reopen was denied. *See Bing Quan* Lin, 881 F.3d at 873, 875

---

[7] 8 U.S.C.A. § 1229a(c)(7)(C)(ii) states: "There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sections 1158 or 1231(b)(3) of this title and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."

[8] The BIA provided the following reasons:

Furthermore, the respondent has not shown that she is prima facie eligible for asylum or related forms of relief. Although the respondent claims that she fears harm from [adverse political parties in Bangladesh] because she was involved with the Jatiya Party and in social activism while she was in Bangladesh, the Immigration Judge and the Board previously rejected her claim based on an adverse credibility finding. In any event, the respondent has not shown that anyone who was involved in political and social activities in Bangladesh 24 years ago is now likely to be targeted for persecution for that reason.

8

(affirming BIA's decision to reject a motion to reopen on both procedural and substantive grounds).

If a party does not address an issue in their argument to this court, that argument has been abandoned. *See Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013) ("A party adequately raises an issue when the party 'specifically and clearly identified it in its opening brief; otherwise, the claim will be deemed abandoned and its merits will not be addressed.'") (quoting *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)); *Najjar*, 257 F.3d at 1283 n.12 ("[Appellants] also failed to raise this issue in their initial brief to this court. We therefore deem the issue abandoned."). And where an appellant abandons a challenge to one of the alternate rationales of the judgment on appeal, this court affirms that judgment. *See Sapuppo*, 739 F.3d at 680; *see also Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 1007 (5th Cir. 1981) (disapproving of a district court holding but finding that the "judgment stands on alternate grounds not challenged on appeal").

In her opening brief, Atkar did not present any argument regarding the BIA's determination that she failed to demonstrate prima facie eligibility for asylum relief. The Government urges that because Aktar did not address the independent basis for the BIA's decision, the argument has been abandoned, and

9

therefore we must affirm the BIA's decision.  After a careful review of the briefs and the record, we agree.[9]

## IV. Conclusion

We are precluded from addressing the merits of Aktar's petition because she failed to challenge the BIA's independent, alternative conclusion that her motion to reopen would be denied on account of her failure to establish prima facie eligibility for asylum.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[9] Some of Aktar's brief concerns arguments regarding the BIA's decision not to reopen her proceedings *sua sponte*.  To the extent this holding is separate from the denial of her motion to reopen, we cannot review it.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008) (holding that *sua sponte* decisions were committed to agency discretion by law and unreviewable by this court).  That portion of Aktar's petition is therefore dismissed for lack of subject matter jurisdiction.